J. A. CRAVER, Appellant, v. E. H. BIRMINGHAM, Appellee.

**PLEADING:** General Denial—Evidence Admissible. Under a general 1    denial of a contract as pleaded by plaintiff, defendant may testify as to *his* version of the contract. So held where plaintiff alleged that he was employed generally by defendant to find a purchaser for defendant's property, and defendant, under a general denial, was permitted, not only flatly to deny the pleaded contract, but to testify that in no event was he to sell *unless his wife consented thereto.*

**TRIAL:** Instructions—Basis for Applicable Instruction. Testimony admissible 2    under the pleadings necessarily furnishes basis for applicable instructions.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

MAY 10, 1921.

ACTION to recover an alleged real estate commission. Judgment for the defendant, and plaintiff appeals.—*Affirmed.*

*McConkey & McConkey,* for appellant.

*Burgess, Gill, Sammis & Boylan,* for appellee.

STEVENS, J.—I. The petition of plaintiff is in the usual form of actions for the recovery of a real estate commission, and the answer of the defendant was a general denial. Accord-

1. PLEADING: general denial: evidence admissible.

ing to the testimony of the plaintiff, the defendant listed a certain residence property in Sioux City, Iowa, with him for sale at a specified price and terms, and he promptly found a purchaser, ready, able, and willing to buy the same at the agreed price and upon the terms specified, who signed a written contract to purchase said property. The defendant, when the contract was presented to him, refused to sign it or to make the conveyance.

The court permitted the defendant, against the objections of counsel for plaintiff, to testify that he did not list the property with the defendant for sale; that he did not know that plaintiff was in the real estate business; and that plaintiff, who was a stranger to him, inquired of defendant whether he would sell the property; and that, in response to said inquiry, defendant stated that he would take $12,000 for it, the purchaser assuming a mortgage of $6,000 thereon, provided that it was satisfactory to his wife and she consented thereto, but not otherwise; that a contract was presented to him for signature on the evening of the same day that the conversation above detailed with the plaintiff was had, and before he had seen or had an opportunity to discuss the matter with his wife; and that he declined to sign the contract until he had consulted her; and that she refused to sell the property.

It is urged by counsel for appellant that the court errone-ously permitted the defendant to testify to the alleged con-versation with plaintiff to the effect that he would not sell the property unless it was agreeable to his wife, or that he declined to sell the same because she refused to give her consent thereto. The evidence was clearly admissible. The defendant did not. seek to prove another or different contract, except for the pur-pose of a denial of the contract alleged. Defendant's version of

the conversation and transaction was admissible under a general denial, as it tended to negative the contract alleged.

Mrs. Birmingham, wife of the defendant, was permitted to testify to a conversation between herself and her husband, in the presence of the plaintiff, at the time the contract was presented for signature, in which she claimed that her husband informed her that plaintiff wanted to buy the property, and that she stated that she did not want to sell, and finally positively stated that she would not. The testimony was manifestly admissible, and the objection was rightly overruled.

II. Counsel for appellant also excepted to Paragraph 6 of the court's charge, wherein the jury was instructed, in substance, that, if it appeared from the evidence that the defendant, at the time of the first conversation, in which the defendant expressed his willingness to sell the property for the price and upon the terms stated, further stated that it was not for sale unless it was satisfactory to his wife, and that she refused to sell the same, plaintiff could not recover.

2. TRIAL: instructions: basis for applicable instructions.

The exceptions of counsel to this instruction are not very clear; but, as we understand their position, it is that the court should not have referred, in its instructions, to the conversation had between the parties after plaintiff had furnished a customer able, ready, and willing to purchase the premises at the price and upon the terms specified; and that, as the evidence revealed that the title to the property was in the name of the defendant, the conversation and statements by the defendant's wife, after plaintiff had found a purchaser as above stated, were wholly immaterial and in no sense defensive; and that, therefore, the instruction should not have been given.

We have already held that the evidence was admissible, and therefore the conclusion follows that the instruction complained of was not erroneous in any of the particulars pointed out in the exceptions thereto. Whether it was subject to other criticisms, we have no occasion to consider; and we have taken into consideration only the exceptions noted. The evidence as to the terms of the conversation between plaintiff and defendant was conflicting. The jury evidently accepted the defendant's version

thereof, and this court cannot disturb its finding. The judgment of the. court below is—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.